David L. Mazaroli
Attorney for Plaintiffs
250 Park Avenue – 7th Floor
New York, NY 10177
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| FEDERAL INSURANCE COMPANY; Artfx Inc., Decotex International, | **ECF CASE** |
| Plaintiffs, | 14 Civ. 8791 (PAE) |
| - against - | **COMPLAINT** |
| EVANS DELIVERY COMPANY, INC., LAND TRANSPORTATION a division of EVANS DELIVERY COMPANY, INC.; TWINS ENTERPRISES, INC. ; Defendants. | |

-----------------------------------------------------------------x

Plaintiffs, through their undersigned attorney, allege as follows for their complaint against defendants upon information and belief:

### The Nature of the Action

1. This action arises from the loss and nondelivery during interstate road carriage of a full-truckload shipment consisting of 1,298 cartons of clothing (hereinafter "the Shipment").

### Subject Matter Jurisdiction

2. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action includes claims arising from the carriage of goods in interstate road transportation and is governed by federal statutes related thereto, including

the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), 49 U.S.C. §14706.

3.     The Court's federal question subject matter jurisdiction also derives from federal common law which applies to certain claims and causes of action.

4.     Concurrently the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.     There is also supplemental jurisdiction under 28 U.S.C. § 1367.

**The Parties**

6.     Plaintiff Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business in Warren, New Jersey, and sues herein as the subrogated insurer of the cargo in suit, having paid the insurance claim of its insureds Artfx Inc. and Decotex International (jointly "Artfx/Decotex").[1]

.      7.     This action is also brought for and on behalf of Artfx/Decotex to recover their uninsured interest in the claim in suit.

8.     Defendant Evans Delivery Company, Inc. ("Evans"), operating under Federal Motor Carrier No. MC-57591, is believed to be a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania. Evans is also believed do business under the name Land Transportation ("Land"), which is held out to be a division of Evans.

---

[1] Artfx, Inc. is a corporation organized under the laws of, and with its principal place of business in, the State of Virginia. Decotex International is a corporation organized under the laws of and with its principal place of business in, a foreign sovereign,

2

9. Defendant Twins Enterprises, Inc. ("Twins"), operating under Federal Motor Carrier number MC-438155 is believed to be a corporation organized under the laws of, and with its principal place of business in, the State of North Carolina.

10. Each of said defendants were at all material times in the business of providing services as interstate common carriers and/or statutory forwarders of cargo for hire, and transportation services related thereto, including with respect to shipments moving to, from and through the State of New York and this district.

11. Each defendant has a statutorily required designated agent for service of process in New York and is therefore subject to jurisdiction in New York.

12. This action involves nondelivery and loss on or about December 21, 2012 of the Shipment during carriage from Hamer, South Carolina to Dallas, Texas, in carrier-provided trailer 1952 as described more fully in a straight bill of lading listing Shipper's No. 91887, and referring to Artfx as the consignee and bill-to party.

13. Defendants Evans, Twins, and/or Land a division of Evans, contracted as primary and/or as and/or through subcontractors to carry the Shipment from the place of receipt in South Carolina to the intended destination in Texas.

14. The Shipment was good order and condition when received into the custody of defendants or entities acting on their behalf.

15. Defendants failed to deliver the Shipment to the intended destination and no delivery of any kind has been made with respect to the Shipment.

16. The nondelivery and loss of the Shipment was the result of defendants' reckless failure to properly carry and care for the Shipment during the subject interstate

transportation and their fundamental breaches of, and unreasonable deviations from, the governing carriage contract.

17. The nondelivery and loss of the Shipment was not caused by the inherent nature of the goods shipped.

18. The nondelivery and loss of the Shipment was not caused by events which would constitute, or give rise to, an "Act of God" defense or exception to liability.

19. The nondelivery and loss of the Shipment was not caused by events which would constitute an, or give rise to, "Act of Public Enemy" defense or exception to liability.

20. The nondelivery and loss of the Shipment was not caused by events which would constitute an "Act of Public Authority" defense or exception to liability.

21. The nondelivery and loss of the Shipment was not caused by the fault of any shipper or owner of the goods shipped.

22. By reason of the aforesaid, plaintiff's subrogors, who were at all material times the owners of the Shipment, sustained damages in the amount of $259,913.76 based on the value of the goods shipped.

26. A documented claim and payment demand in this amount was presented to the defendants.

27. Federal, who insured the Shipment pursuant to a policy of insurance in effect at the time of the claimed nondelivery and loss, paid $200,000.00 for the insurance claim of Artfx/Decotex pursuant to said insurance policy.

28. The amount of $99,000.00 was collected from the liability insurer of the subcontracting trucking company hired by defendants to carry the Shipment. Said

payment was based on what was represented to be the subcontractor's insurance policy limits and rights were expressly reserved for plaintiffs to pursue the balance of the claim from the defendants herein.

29. The total amount of damage sought by plaintiffs herein is $160,913.76.

30. Federal sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

31. All conditions precedent required of plaintiff have been performed.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT AND/OR DUTIES
## UNDER THE CARMACK AMENDMENT

### (Against Evans)

32. PlaintiffS repeat and reallege Paragraphs 1 through 31 as if set forth herein at length and further allege that:

33. Evans was responsible for, and in consideration of agreed freight charges and other charges, contracted to provide transportation and related services for the Shipment from the place of shipment to the intended destination.

34. Evans assumed responsibility for, and was responsible for, the care and custody of the Shipment from the point of shipment to the place of intended delivery.

35. By reason of the foregoing, Evans was a receiving and/or delivering carrier of within the meaning of the Carmack Amendment, 49 U.S.C. § 14706 and breached its duties under that statute, and/or under the contract of carriage.

36. By reason of the nondelivery and loss sustained to the Shipment while in care and custody Evans or entities action on its behalf, said defendant is liable to Plaintiffs as a motor carrier under the Carmack Amendment.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT AND/OR DUTIES
## UNDER THE CARMACK AMENDMENT

### (Against Defendant Twins)

37. PlaintiffS repeat and reallege Paragraphs 1 through 31 as if set forth herein at length and further allege that:

38. Twins was responsible for, and in consideration of agreed freight and other charges, contracted to provide transportation and related services for the Shipment from the the place of shipment to the intended destination.

39. Twins assumed responsibility for, and was responsible for, the care and custody of the Shipment from the point of shipment to the place of intended delivery, including the period of custody of any subcontractors.

40. By reason of the foregoing, Twins was a receiving and/or delivering carrier and breached its duties under the contract of carriage.

41. By reason of the nondelivery and loss sustained to the Shipment while in care and custody Twins or entities action on its behalf, said defendant is liable to Plaintiffs as a motor carrier under the Carmack Amendment.

## THIRD CAUSE OF ACTION

## BAILMENT

(Alternative Count as to all Defendants)

42. Plaintiffs repeat and reallege Paragraphs 1 through 31 as if set forth herein at length and further allege that:

6

43. If and to the extent the Court concludes that the Carmack Amendment does not govern plaintiffs' rights against Evans and/or Twins plaintiffs plead the following as an alternative cause of action.

44. Evans and Twins accepted said cargo in good order and condition at the point of shipment and agreed to deliver it to the consignee in the same good order and condition.

45. Evans and/or Twins exercised, assumed and/or took exclusive control over the subject cargo.

46. Evans and/or Twins thereby became the bailees of said cargo and through its contractors, subcontractors, agents, servants, or sub-bailees, had a legal duty to safely keep, care for, and deliver the said Shipment in the same condition as when entrusted to them.

47. Evans and/or Twins breached their bailee duties and obligations by failing to deliver the Shipment to the intended consignee.

## FOURTH CAUSE OF ACTION

### NEGLIGENCE

**(Alternative Count as to all Defendants)**

48. Plaintiffs reallege and repeat paragraphs 1 through 31 as if set forth herein at length and allege further that:

49. If and to the extent the Court concludes that the Carmack Amendment does not apply herein, plaintiffs plead the following as an alternative cause of action.

50. Defendants had the duty to exercise reasonable care in their transportation of the Shipment.

51.     Defendants breached their duties by failing to deliver the Shipment to the intended consignee.

52.     Defendants' breaches of their duties proximately caused the nondelivery and loss of the Shipment and the losses sustained by plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendants jointly and severally:

    a.   for the sum of $160,913.00

    b.   for prejudgment interest at the rate of 9% *per annum;*

    c.   for the costs of this action;

    d.   for such other and further relief as this Court deems proper and just.

Dated:   New York, New York
         November 4, 2014

              LAW OFFICES,
              DAVID L. MAZAROLI

              *s/David L. Mazaroli*
              _____
              David L. Mazaroli
              Attorney for Plaintiffs
              250 Park Avenue – 7th Floor
              New York, New York 10177
              Tel.: (212)267-8480
              Fax.: (212)732-7352
              E-mail: dlm@mazarolilaw.com